16409

McKOWN *ET AL.* v. DANIEL *ET AL.*
(Two Cases)
(61 S. E. (2d) 163)

*Messrs. Daniel, Russell & Means,* of Spartanburg, and
*J. H. Hall,* of Gaffney, *for Plaintiffs-Appellants,*

512

*Messrs. Osborne, Butler & Moore,* of Spartanburg, *for Petitioner-Appellant,*

*Messrs. Osborne, Butler & Moore,* of Spartanburg, *for Petitioner-Respondent,*

*Messrs. Dobson & Dobson,* of Gaffney, *for Defendants-Respondents-Appellants.*

514

516

523

September 13, 1950.

PER CURIAM.

This is an appeal from orders of the Circuit Court dealing with an adjudication of the claims of a former sheriff and of the present sheriff of Cherokee County for fees alleged to be due such officials in connection with the performance of their duties as sheriff during certain periods of their incumbencies. The cases came before the Circuit Court on appeal from orders of the Board of County Commissioners of Cherokee County approving in part and rejecting in part, the claims as made.

The legal questions involved in each of the two claims are largely the same, and the cases were heard together before the Circuit Court and before this Court.

The Plaintiffs as well as the defendants have excepted to the rulings of the Circuit Judge. These exceptions have been carefully considered and it is our opinion that the conclusions of fact stated in the decrees of the Circuit Judge are amply supported by the testimony and that, subject to the limitation following, the Circuit Judge has based his decrees upon correct legal principles. Hence, we will affirm the decrees with said limitation.

The present proceedings started with a petition or complaint filed by each of the claimants, charging that the Board of County Commissioners of Cherokee County had failed and refused to take any action on the claims in question and praying the issuance of a writ of mandamus "commanding them in accordance with law to pass upon the duly presented and filed claims" of the claimants. On a rule issued upon each complaint the Board was required to show cause before Judge Sease at a stated time and place why a writ

and order of mandamus should not be issued "ordering and commanding you in accordance with law to pass upon the duly presented and filed claims of the plaintiff." By way of return to said rule the Board of County Commissioners set forth that certain objections had been made to the payment of the claims and that by reason of the dispute thus created, and of the necessity that a complete investigation be made in order to determine the correctness of many of the individual items of the claims, it was necessary to have an audit made of the books of each of the plaintiffs, and an investigation of many of the items involved. The position of the Board was stated to be that they had never "unconditionally refused to pay the claims" but that an audit "by competent authority under the jurisdiction of this Court" was necessary so that the rights of the taxpayers of the County might be protected. The prayer of the returns is that the Court order an audit to be made under its jurisdiction. Other allegations of the returns are not material here.

Upon the complaints and returns Judge Sease passed an order (from which no appeal was taken) directing the making of an audit at the expense of the Board, said audit to cover only the months embraced in each of the claims "and for no other months." Such an audit was made.

In due course testimony was taken before the Board of County Commissioners, following which the Board approved in part and rejected in part each of the claims in question. From such action of the Board appeals were taken to the Circuit Court. That Court, Honorable J. Henry Johnson presiding, further reduced the claims and ordered payment of such reduced amounts. From the orders of Judge Johnson the present appeals were taken.

On behalf of the County the claim is made that for periods prior to those involved in the adjudications of the Circuit Court, the plaintiffs had had claims for fees approved by the County Commissioners on the same illegal basis which in part features the claims involved in the present

appeal, and that since the adjudications made by the Circuit Court are ·founded upon the audit ordered to be made by Judge Sease, the audit should have been extended to an inquiry into the sums so allegedly paid without warrant of law, and that the same should be offset against the claim made in the present cause.

The Circuit Judge correctly rejected this contention. It is entirely outside of the pleadings. But the Circuit Judge goes further and concludes as a matter of law that since the claims for previous months have already been allowed and paid, they may not now be reopened and inquired into. Without intimating any opinion on the question whether the claims collected by the respective sheriffs for previous months, upon vouchers which were favorably acted upon by the Board of County Commissioners, may now be reviewed, we have reached the conclusion that the County should not in the present case be barred from trying out in a separate proceeding any claim which it may desire to assert for previous payments alleged to have been illegally authorized by the Board.

There is no testimony in the record upon which a judgment by way of offset or otherwise can be founded in respect to such payments. The record clearly discloses that an audit will be necessary to deal with that phase of the County's claim. The pleadings in the cause are expressly limited to the specific claims as submitted to and passed upon by the Board of County Commissioners and we should not extend the scope of this appeal into a field which thus is not properly presented for decision.

Whether as a matter of law the previously paid claims can now, long after the approval and payment, be made the subject of an independent suit, and whether in the present proceedings, if the scope of the pleadings had embraced them, the payments so made could have been offset against the present claims, are matters which we leave for decision if and when issues thereabout are properly presented.

In accordance with the foregoing we adopt the orders of the Circuit Judge as the opinion of this Court, subject to the limitation that the County, in proceedings brought by it or on its behalf, shall not be held to be barred by this opinion from taking such action as it may deem proper to assert a right of recovery of sums heretofore paid in violation of the rules laid down in Judge Johnson's decrees.

The judgment of the Circuit Court as hereinabove modified is affirmed.